UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
BUREAU VERITAS NORTH AMERICA, INC.,　　　Case No. 18-CV-3090(PKC)

　　　　　　　　　　Plaintiff,

　　-against-

HAKS ENGINEERS, ARCHITECTS AND LAND
SURVEYORS, D.P.C.,

　　　　　　　　　　Defendant.
----------------------------------------------------------------------X
HAKS ENGINEERS, ARCHITECTS AND LAND
SURVEYORS, D.P.C.,

　　　　　　　　　　Third Party Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　　　**THIRD PARTY**
　　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT**
　　-against-

NEW YORK WHEEL, LLC,

　　　　　　　　　　Third Party Defendant.
----------------------------------------------------------------------X

　　　　Defendant/Third-Party Plaintiff, Haks Engineers, Architects and Land Surveyors, D.P.C., by its attorneys, Goetz Fitzpatrick LLP, as and for its third party complaint against third party defendant New York Wheel, LLC, herein alleges as follows:

## PARTIES

　　　　1.　　Defendant/Third party plaintiff Haks Engineers, Architects and Land Surveyors, D.P.C. ("HAKS") is a corporation duly organized and existing under and by virtue of the laws of the State of New York with a principal place of business located at 40 Wall Street, New York, New York 10005.

　　　　2.　　Upon information and belief, third party defendant New York Wheel LLC ("New York Wheel") is a limited liability company duly organized and existing under the laws of the State of New York, with an address at 7 Penn Plaza, Suite 1705, New York, New York 10001.

1

## JURISDICTION

3.     This Court has jurisdiction over the claims asserted in this Third Party Complaint because the claims arise out of the same facts and circumstances and are so related to the claims asserted in plaintiff Bureau Veritas North America, Inc. ("BVNA") Complaint that they form part of the same case and controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

## FACTS

4.     On or about February 15, 2017, HAKS, as contractor, entered into a written contract ("Contract") with New York Wheel, whereby HAKS agreed to provide certain labor and services to New York Wheel in connection with the construction of New York Wheel project, located in Staten Island, New York (hereafter "Project").

5.     Thereafter, and in furtherance of its performance of the Contract, HAKS entered into a subcontract On-Call Agreement ("On-Call Agreement") with plaintiff Bureau Veritas North America ("BVNA"), pursuant to which BVNA was to provide certain inspection services for the Project.

6.     During the course of the Project, BVNA billed HAKS for its inspection services, and thereafter HAKS submitted invoices to New York Wheel for payment, which included BVNA's inspection services that had been billed by BVNA to HAKS.

7.     HAKS performed services under the Contract with New York Wheel for the Project, and in material breach of the Contract, New York Wheel has failed and refused to pay HAKS in full for the invoices HAKS submitted to New York Wheel, with a balance due and owing of $1,480,663.31, which also includes certain monies due and owing from HAKS to BVNA.

8.     New York Wheel is aware that by failing to pay HAKS the sum of $1,480,663.31, New York Wheel is also preventing BVNA from being paid for its services on the Project.

9. The Contract provides for interest at the rate of 1% per month for HAKS unpaid invoices.

10. On or about April 6, 2018, BVNA commenced the instant action, alleging, among other claims, breach of contract damages against HAKS for nonpayment of invoices. (A copy of BVNA's Complaint is attached hereto as Exhibit "A").

11. HAKS has paid BVNA all monies owed for which HAKS has received from New York Wheel.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

12. HAKS repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "11" with the same force and effect as though fully set forth herein.

13. HAKS performed services under the Contract for New York Wheel, for which HAKS submitted invoices for payment to New York Wheel.

14. In material breach of the Contract, New York Wheel has failed and refused to pay HAKS the outstanding sum of $1,480,663.31.

15. By reason of the foregoing, New York Wheel has materially breached the terms of the Contract, and is therefore liable to HAKS for the sum of $1,480,663.31, together with interest at 1% per month, costs, expenses and attorneys fees, including the legal fees incurred by HAKS in defending the underlying action brought by BVNA.

## AS AND FOR A FIRST CAUSE OF ACTION
(Common Law and/or Contractual Indemnification)

16. HAKS repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as though fully set forth herein.

17. If any judgment is recovered by BVNA against HAKS, then HAKS will have

discharged a duty which as between HAKS and New York Wheel, should have been discharged by New York Wheel in its entirety and, accordingly, HAKS will be entitled to common law indemnification and/or contractual indemnification from New York Wheel.

18. By reason of the foregoing, New York Wheel will be liable to HAKS for any judgment awarded to BVNA as against HAKS, together with all attorneys' fees incurred, and the costs of litigation.

WHEREFORE, the Third-Party Plaintiff HAKS demands judgment as follows:

a) On the First Cause of Action, judgment against third-party defendant New York Wheel LLC, in the sum of $1,480,663.31, together with interest at 1% per month, attorneys' fees, and the costs and disbursements of this third-party action

b) On the Second Cause of Action, that in the event that plaintiff Bureau Veritas North America, Inc. recovers a verdict or judgment against Haks, then Haks demands judgment over and against the third party defendant New York Wheel LLC for all such liability under common law and/or contractual indemnification, and that judgment be also entered against the third party defendant to pay all attorneys fees and costs incurred by Haks in defense of claims brought by the plaintiff Bureau Veritas North America, Inc., in the underlying action, and that Haks be awarded all attorneys, costs and disbursements in the third party action; and

c) such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
September 27, 2018

                                    GOETZ FITZPATRICK, LLP

                                    By: _____
                                        Timothy B. Cummiskey (TBC 0552)
                                  Attorneys for Defendant/Third-Party Plaintiff
                                  Haks Engineers, Architects and Land Surveyors, D.P.C.
                                  One Penn Plaza
                                  New York, New York 10119
                                  (212) 695-8100